UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

---

**HEAT & FROST INSULATORS LOCAL 19 AND
127 HEALTH FUND,
HEAT & FROST INSULATORS LOCAL 127
APPRENTICESHIP FUND,
HEAT & FROST INSULATORS 127 INDUSTRY &
LABOR MANAGEMENT FUND,
HEAT & FROST INSULATORS LOCAL 127
VACATION AND HOLIDAY FUND,
HEAT & FROST INSULATORS LOCAL 127
PENSION FUND,
HEAT & FROST INSULATORS LOCAL 127
ANNUITY TRUST FUND,
and JEREMY WICKE (in his capacity as Trustee),**

**HEAT & FROST INSULATORS LOCAL 127,**

      Plaintiffs,

 v.                                            Case No.

**LIFE SAFETY SYSTEMS, INC,**

      Defendant.

---

## COMPLAINT
---

**NOW COME** the Plaintiffs, by their attorneys, The Previant Law Firm, S.C., and as and for a cause of action against the Defendant, allege and show to the Court the following:

### Jurisdiction and Venue

1. Jurisdiction of this Court upon Defendant Life Safety Systems Inc. is founded upon section 502 of the Employee Retirement Income Security Act of 1974 ("ERISA") (29 U.S.C. § 1132) and section 301(a) of the Labor Management Relations

Act of 1947 ("LMRA"), as amended (29 U.S.C. § 185(a)), in that the Plaintiffs are aggrieved by Life Safety Systems' violation of its collective bargaining agreement with Insulators Local 127, as well as trust agreements and trustee resolutions that it became bound to by virtue of becoming a party to said collective bargaining agreement.

2. Venue lies in this Court under ERISA § 502(e)(2) (29 U.S.C. § 1132(e)(2)) in that the Defendant's principal business office is located within the territory covered by the Green Bay Division of the Eastern District of Wisconsin.

## Parties

3. Plaintiffs Heat & Frost Insulators Local 19 and 127 Health Fund, Heat & Frost Insulators Local 127 Apprenticeship Fund, Heat & Frost Insulators Local 127 Industry & Labor Management Fund, Heat & Frost Insulators Local 127 Vacation and Holiday Fund, Heat & Frost Insulators Local 127 Pension Fund, and Heat & Frost Insulators Local 127 Annuity Trust Fund are employee benefit plans within the meaning of ERISA §§ 3(1), (3), and (37), 502 and 515, as amended by the MPPAA (codified as amended at 29 U.S.C. §§ 1002(1), (3), and (37), 1132 and 1145), and bring this action on behalf of the trustees, participants, and beneficiaries of said Plans. Said Plans maintain an office at 11270 West Park Place, Suite 950, Milwaukee, WI 53224.

4. Plaintiff Jeremy Wicke is a trustee and fiduciary of the Plaintiff Funds as well as a participant and beneficiary within the meaning of ERISA (29 U.S.C. § 1002, et seq.) and as such has standing to be a Plaintiff in this action and to seek the remedies prayed for. Jeremy Wicke maintains an office at 33 East Third Street in Clintonville, Wisconsin, 54311.

5. Plaintiff Heat & Frost Insulators Local 127 (hereinafter referred to the "Unions") is a labor organization within the meaning of 29 U.S.C. §158, et seq., and brings this action on behalf of the participants and members of the organization for whom it collects working dues. Said labor organization maintains offices at the same location as Plaintiff Jeremy Wicke.

6. Defendant life Safety Systems is a Wisconsin corporation with a principal place of business located at 1718 Velp Ave., Suite F in Green Bay, Wisconsin. Its registered agent is John Vernon with the same address.

## Facts

7. Defendant Life Safety Systems is an employer and party in interest in an industry affecting commerce within the meaning of ERISA §§ 3(5), (11), (12), and (14) of ERISA (29 U.S.C. §§ 1002(5), (11), (12), and (14)) and the LMRA (29 U.S.C. § 151, et seq.).

8. For all times relevant, Life Safety Systems was party to a collective bargaining agreement with Insulators Local 127, which served as the collective bargaining representative for a bargaining unit of Life Safety Systems employees.

9 Pursuant to said collective bargaining agreement, Life Safety Systems was obligated to remit fringe benefit contributions to the Plaintiff Funds for all hours of covered work performed by all employees other than pre-apprentices.

10 By becoming bound to the collective bargaining agreement, Life Safety System also agreed to become bound to the trust agreements governing the Plaintiff Funds, as well as rules and regulations adopted by each respective group of trustees pursuant to the trust agreements for each Fund.

-3-

11. Pursuant to the collective bargaining agreement, all fringe benefit contributions are due by the 12th day of the following month, after which the contributions would become delinquent.

12. The collective bargaining agreement authorizes the collection of and sets out appropriate rates of interest and liquidated damages to charge for delinquent contributions.

13. The Board of Trustees for the Health Fund and the Annuity Fund adopted binding resolutions that increased the rates for liquidated damages and interest compared to the rates set out in the collective bargaining agreement; which became binding upon Life Safety Systems because it agreed to be bound to trust agreements, as well as trustee resolutions adopted pursuant to said trust agreements.

14. Life Safety Systems would remit to the Plaintiffs a remittance report for each work month, which reported the number of hours worked by each employee during each month.

15. During the time period between April of 2019 and September of 2019, Life Safety Systems would belatedly remit contributions to the Health Fund, Pension Fund, and Annuity Fund for hours worked acknowledged on its remittance reports, thus entitling the Plaintiffs to interest and liquidated damages on the belatedly submitted contributions.

16. The late contributions made by Life Safety Systems did not cover all contributions owed to the Health Fund, the Pension Fund, and the Annuity Fund because Life Safety Systems failed to remit contributions for a first year apprentice that it misclassified as a pre-aprentice, because it did not report to the Funds all hours

worked by its employees, and because it did not always pay to the Funds all contributions acknowledged to be owing by the remittance reports.

17. Life Safety Systems never made any contributions to the Local 127 Apprenticeship Fund, Industry & Labor Management Fund, or the Vacation and Holiday Fund during the time period of April through September 2019.

18. Life Safety Systems has not remitted any contributions to the Plaintiff Funds for hours reported on its remittance reports for the time period of October through December, 2019.

19. Life Safety Systems belatedly remitted contributions to the Plaintiff Health Fund, Pension Fund, and Annuity Fund during the time period of April of 2018 through March of 2019, thus entitling the Plaintiff Funds to liquidated damages and interest that to date they have not received.

20. Life Safety Systems has failed to remit to the Plaintiff Funds union dues that upon information and belief were withheld from employee paychecks, on hours worked that are acknowledged to be owing on its remittance reports.

### Claim One - Against Defendant All Systems Insulation, Inc.
### Violation of ERISA §§ 502 and 515 (29 U.S.C. §§ 1132 and 1145)

21. As and for a first claim for relief against All Systems, the Plaintiffs reallege each and every allegation contained in paragraphs 1 through 20 above and incorporate the same as though fully set forth herein word for word.

22. For the reasons stated above, Life Safety Systems has failed to remit to the Plaintiffs all contributions owed to them, thus entitling the Plaintiffs to file suit for the unpaid contributions, plus interest and liquidated damages at rates adopted pursuant to

-5-

the collective bargaining agreements, trust agreements, and trustee resolutions on the unpaid contributions.

23. The Plaintiff Funds are also entitled to their reasonable attorneys' fees and costs incurred in prosecuting this claim.

### Claim Two - Against Defendant All Systems Insulation, Inc.
### Violation of LMRA § 301 (29 U.S.C. §185)

24. As and for a second claim for relief against All Systems, the Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 23 above and incorporate the same as though fully set forth herein word for word.

25. Life Safety Systems violated its collective bargaining agreement with Insulators Local 127, including but not limited to its provision adopting trust agreements and trustee resolutions governing the Plaintiff Funds, by failing to timely remit contributions to the Health Fund, Annuity Fund, and Pension Fund.

26. For Life Safety Systems' breach of the CBA and the agreements adopted thereto, the Health Fund, Pension Fund, and Annuity Fund are entitled to liquidated damages and interest at the highest rate prescribed by said collective bargaining agreement, trust agreement, or trustee resolutions.

27. The trust agreements for the Health Fund, Pension Fund, and Annuity Fund makes Life Safety Systems liable for the Funds' attorneys' fees and costs arising out of the collection of the employer's delinquent contributions, including the collection of liquidated damages and interest owed to the Funds.

28. Life Safety Systems additionally violated its collective bargaining agreement with Insulators Local 127 by failing to remit to the union dues that it deducted from the compensation of its employees.

**WHEREFORE**, the Funds and Insulators Local 127 demand the following relief:

1. Judgment on behalf of the Funds and against Life Safety Systems for:

   A. All unpaid contributions owed to them, plus interest and liquidated damages on the unpaid contributions;

   B. Interest and liquidated damages on contributions that Life Safety Systems failed to timely remit to them; and

   C. Actual attorney fees and costs.

2. For such other, further, or different relief as the Court deems just and proper.

Dated this 20th day of February, 2020.

/s/ Yingtao Ho
Yingtao Ho (SBN: 1045418)
The Previant Law Firm, S.C.
310 West Wisconsin Avenue, Suite 100 MW
Milwaukee, WI 53203
414-271-4500 (Telephone)
414-271-6308 (Fax)
Email: pet@previant.com

Attorneys for Plaintiffs